FRANCESCO D'ANNUNZIO et al., complainants,

*v.*

GEORGE D'ANNUNZIO et al., defendants.

[Decided February 6th, 1928.]

*Mr. Felix Forlenza,* for the complainants.

*Mr. Merritt Lane,* for the defendants.

BACKES, V. C.

This case was decided at the conclusion of the hearing, but counsel asked leave to submit briefs. Nothing is disclosed by them to change the views then entertaind. The case is the not uncommon one of a son taking advantage of his aged parents. The son and his sister lived with their parents. The son married and brought in his wife. A month later the parents executed a deed to the son and his wife for their home, a two-family house. The stated consideration is one dollar. At the same time the son and his wife executed a lease to the parents for life for the apartment they were then occupying. The son also procured his parents to sign a deed for some land in Italy. He also helped himself to his parents' eight thousand lires in Italian bonds. This was all the old folks had and they were completely stripped. The title to the home stood in the name of the father and he was infirm. He had then recently suffered a stroke. He died after the filing of the bill. The son, between tears, admitted on the stand that he had duped his parents, and he involved his wife. She denied complicity, and her word is preferable to his. He had, at the time of the trial, separated from her, was resisting her suit for support, and his admissions of perfidy were not so

much in a spirit of penitence and a desire to make restitution as they were to vent his wrath on her. It appears from his confession, and the mother's testimony, that the son led his parents to believe that the deed for the home was a lease to the son and his wife for one of the apartments, so that they would be near by; and there was something indefinite about their supporting the parents. There is nothing in writing assuming that obligation, nor anything substantial to assure performance.

It is claimed that the parents were alive to what was being done to them. The mother denies it. The son owns up to his duplicity. The wife, who is defending, produced the lawyer hired by the husband to draw the deed and lease and before whom they were executed. He testified that he explained the papers to the parents, and that the father upon the first visit protested and left, saying that they did not carry out his understanding of the arrangement, but that he came later and signed. If, by the lawyer's statement, that he fully explained the documents to the aged couple, and that they signed the deed understandingly, it is intended to establish independent advice under the decision in *Slack* v. *Rees, 66 N. J. Eq. 447,* it falls far short of the rule. The improvidence of the parents, the probable consequence to them, that they were pauperizing themselves, was not explained. *Reeves* v. *White, 84 N. J. Eq. 661.*

The complainants are entitled to a decree for actual fraud, and also because the parents were aged and infirm; there was a relation of trust and confidence; the act was improvident, and they did not understandingly convey upon independent advice.

The deed for the property in Italy is not recorded. It will be ordered canceled. This was obtained by the same fraudulent methods. The signature of the mother was obtained, without her knowledge, by her son playing on her vanity to write her name, so the son confesses.